**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RE:
BRUCE LEE JENNINGS, et al                    Case No. 03-4926-3F1 and
                   Debtors.         /        03-4928-3F1 through 03-4937-3F1
APPLICABLE DEBTORS
    BRYCO ARMS,                               All cases Jointly Administered
    (Case No. 03-04928-3F1)                   Under Case No. 03-4926-3F1
_____/
BRYCO ARMS, Debtor-in-Possession
              Plaintiff
vs.                                           Adversary No.

BEALL & BIEHLER, P.A.
              Defendant
_____/

**COMPLAINT TO AVOID PREFERENTIAL TRANSFER PURSUANT**
**TO 11 U.S.C. § 547, AND TO RECOVER**
**TRANSFERRED PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 550**

    Plaintiff, Bryco Arms, Debtor-in-Possession (hereinafter "Debtor" or "Plaintiff"), sues through its undersigned counsel, Beall & Biehler, P.A. (hereinafter "Beall" or "Defendant") and alleges as follows:

    1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and pursuant to 11 U.S.C. §§ 547 and 550.

    2. This is a core proceeding.

    3. The Debtor filed a Chapter 11 case on May 14, 2003.

    4. Plaintiff has been appointed Debtor-in-Possession by Order of the Court.

    5. On February 17, 2003, Beall was issued three (3) checks from Debtor as follows:

        Check # 11358          $8,050.76
        Check # 11359          $3,077.34
        Check # 11360          $1,483.27

    6. The payments were made based on three (3) separate invoices received from Beall.

7. The transfers referred to above were made within ninety (90) days of the filing of the bankruptcy petition on account of an antecedent debt owed to Beall by debtor made to or for the benefit of a creditor while the debtor was insolvent.

8. As a result of the preferential transfer, Beall received more then it would have received in a Chapter 7 case.

9. The transfers described above are preferential payments pursuant to 11 U.S.C. § 547.

10. The preferential transfers are subject to avoidance and recovery by the Plaintiff pursuant to 11 U.S.C. §§ 547 and 550.

WHEREFORE, Plaintiff respectfully requests the Court enter an Order determining the preferential transfers were received by Beall and that the property transferred constitutes property of the Debtor's estate. Further, the Plaintiff requests that the Court enter an Order directing the Defendant, Beall, to provide the estate the property or the equivalent value of the transferred property and grant the Plaintiff such other relief that the Court deems just and proper.

**ROBERT ALTMAN, P.A.**

**/S/ Robert Altman**
**Robert Altman, Esq.**
**Attorney for Plaintiff**
**Florida Bar No. 346861**
**Pine Lake Lodge**
**5256 Silver Lake Drive**
**Palatka, Florida 32177**
**(386) 325-4691**
**(386) 325-9765 (fax)**